UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>      v.<br><br>ASA SAINT CLAIR,<br><br>                          Defendant. | CASE NO. 2:25-cr-00135-LK<br><br>ORDER DENYING PETITION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

      This matter comes before the Court on Defendant Asa Saint Clair's petition for early termination of his supervised release. Dkt. No. 7. For the reasons discussed below, the Court denies the petition.

### I.    BACKGROUND

      Mr. Saint Clair was found guilty of one count of wire fraud by a jury in the Southern District of New York in March 2022, and was sentenced to 42 months of imprisonment followed by three years of supervised release and ordered to pay $613,417 in restitution. *See United States v. Saint Clair*, No. 1:19-cr-00790-PKC-1, Dkt. No. 119 (S.D.N.Y. Sep. 16, 2022). In March 2024, the Second Circuit denied his appeal and affirmed the judgment. *Id.* Dkt. No. 134. On December

6, 2024, Mr. Saint Clair started his term of supervised release. *Id.* Dkt. No. 148. On February 3, 2025, Mr. Saint Clair filed a motion to vacate his conviction under 28 U.S.C. § 2255 due to several alleged defects in his conviction, including ineffective assistance of counsel, suppressed exculpatory evidence, and fraud upon the court. *See id.* Dkt. No. 135 (partial copy filed in this case as Dkt. No. 7 at 7–35). On June 20, 2025, the Southern District of New York transferred jurisdiction over Mr. Saint Clair's supervised release to this Court, *id.* Dkt. No. 148, while retaining jurisdiction over Mr. Saint Clair's still-pending Section 2255 motion.

On November 21, 2025, Mr. Saint Clair filed in this Court a motion to stay execution of his sentence. Dkt. No. 3. He later asked the Court to strike this motion, Dkt. Nos. 8–9, and now seeks early termination of his supervised release, Dkt. No. 7. The Government filed an opposition to this petition, Dkt. No. 10, to which Mr. Saint Clair responded, Dkt. No. 11.[1]

## II. DISCUSSION

### A. Legal Standard

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quotation marks and citation omitted); *see also* 18 U.S.C. § 3583(e)(1). Section 5D1.4 of the Sentencing Guidelines states that "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision,

---

[1] After he filed his reply, Mr. Saint Clair filed a "Supplemental Memorandum" regarding his motion, as well as a "Notice of Filing Exhibit D," attaching exhibits to both filings. Dkt. Nos. 12–13. Movants are not permitted to file serial reply briefs or staggered supporting filings. *See* LCrR 12(b)(3) ("The moving party may . . . file and serve on each party that has appeared in the action *a* reply brief in support of the motion, *together with* any supporting material." (emphasis added)). The Court therefore STRIKES the Supplemental Memorandum, Dkt. No. 12, and the Notice, Dkt. No. 13, as procedurally improper. However, for the reasons stated herein, the result would not change even if the Court did consider those materials.

the court may terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice." District courts maintain discretion "to consider a wide range of circumstances when determining whether to grant early termination." *Ponce*, 22 F.4th at 1047 (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). Application Note 1(B) to Section 5D1.4 of the Sentencing Guidelines sets forth various factors that a court "may wish to consider" in determining whether to terminate supervised release early:

> (i) any history of court-reported violations over the term of supervision;
>
> (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>
> (iii) the defendant's substantial compliance with all conditions of supervision;
>
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

Furthermore, Application Note 2 to Section 5D1.4 encourages the court "to ensure that any victim of the offense is reasonably, accurately, and timely notified, and provided, to the extent practicable, with an opportunity to be reasonably heard" in the event the court entertains early termination.

B.      **Termination of Supervised Release is Not Warranted**

Mr. Saint Clair advances several reasons why the Court should terminate his supervised release after only one year. First, his Section 2255 motion "underscores that continued supervision

under a judgment now under direct constitutional attack serves no rehabilitative purpose." Dkt. No. 7 at 3. Second, he "has fully complied with all conditions of supervision to the best of his ability with the only challenges being financial in nature." *Id.* at 3–4. Third, he states he "has job opportunities in the IT sector that require travel"; he has been invited to address an event in Davos, Switzerland in January, and argues that "[c]ontinued restrictions prevent [him] from attending the Davos event, block international travel, and stall career opportunities." *Id.* at 4. Finally, he argues that the balance of equities favor termination because "[c]ontinued restrictions here serve no rehabilitative purpose and undermine justice." *Id.*

The Government opposes the petition. Because Mr. Saint Clair is unemployed, the Government "fears that if termination were granted" he would not "follow through on his restitution obligation." Dkt. No. 10 at 4. "The government also fears that he could resort to fraud again in the absence of a job and steady pay." *Id.* In response to Mr. Saint Clair's desire to travel, the Government notes that "there is nothing preventing either his Probation Officer or this Court to permit particular travel requests, if they are appropriate. His desire to travel is not a reason why supervision should be terminated altogether." *Id.*

In reply, Mr. Saint Clair argues that "supervision blocks IT employment and international opportunities that would generate income," and that requesting permission to travel on a case-by-case basis is "impractical and unworkable" because it requires "advance notice, bureaucratic processing, and discretionary approval that often comes too late." Dkt. No. 11 at 3, 5.

Mr. Saint Clair's Section 2255 litigation is still pending before the Southern District of New York, and the mere existence of those claims does not somehow mean that continued supervision "serve[] no rehabilitative purpose." Dkt. No. 7 at 3. Unless and until Mr. Saint Clair succeeds in his 2255 litigation, this Court presumes that his conviction is valid. Notably, Mr. Saint Clair's statements in that litigation indicate that he has not accepted responsibility for his crime at

ORDER DENYING PETITION FOR EARLY TERMINATION OF SUPERVISED RELEASE - 4

1    all. *Compare, e.g.*, *United States v. Saint Clair*, No. 1:19-cr-00790-PKC-1, Dkt. No. 150 at 78
2    (claiming to be innocent), *with id.*, Dkt. No. 125 at 34–35 (court's statement at sentencing that
3    "Mr. Saint Clair through counsel has painted a picture of a man who was endeavoring to develop
4    and obtain investors to develop a new cryptocurrency in connection with the World's Sports
5    Alliance, and that it turned out to be a failing venture, and for that he has been charged with a
6    crime. Those are not the facts. That's not what happened. This was a scheme to defraud."). Mr.
7    Saint Clair's failure to accept responsibility is a serious concern for this Court as it considers
8    whether termination at this early juncture will facilitate recidivism. The Court further observes that
9    the trial court has denied numerous motions filed by Mr. Saint Clair that would result in his
10   immediate release. *See, e.g.*, *United States v. Saint Clair*, No. 1:19-cr-00790-PKC-1, Dkt. Nos.
11   153, 156, 160, 161. The Court agrees with the Government that Mr. Saint Clair's "complaints
12   about his conviction are appropriately reserved for his section 2255 litigation, not a motion for
13   termination of supervision." Dkt. No. 10 at 4.

14        The Court also finds persuasive the Government's concern that terminated supervised
15   release at this time could inhibit Mr. Saint Clair's follow-through on his restitution obligation. *See*
16   Dkt. No. 10 at 4. That, in turn, would harm victims who are owed restitution. Continued
17   supervision would demonstrate whether Mr. Saint Clair is reliably making restitution payments in
18   accordance with the judgment in his case.

19        As for Mr. Saint Clair's desire to travel, the Court sees no reason that case-by-case travel
20   approval is "impractical and unworkable." Dkt. No. 11 at 5. Regarding the Davos conference in
21   particular, Mr. Saint Clair apparently received notice of this opportunity on November 22, 2025.
22   *See* Dkt. No. 7 at 37. There is no evidence in the record that Mr. Saint Clair requested permission
23   to attend the conference from his Probation Officer, as required in his standard conditions of
24

supervision. Regardless, the Court agrees with the Government that Mr. Saint Clair's "desire to travel is not a reason why supervision should be terminated altogether." Dkt No. 10 at 4.

Having considered the relevant factors in Section 3553, as required under Section 3583(e), the Court concludes that the interests of justice do not warrant the termination of supervised release at this relatively early juncture (less than half of the way to completing Mr. Saint Clair's full term). In light of the nature and circumstances of Mr. Saint Clair's offense and his history and characteristics, additional supervision will help to reduce the likelihood of recidivism and ensure that victims are made whole. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(C).

### III.  CONCLUSION

For the foregoing reasons, the petition for early termination of supervised release is DENIED. Before filing any motion regarding his supervision in the future, Mr. Saint Clair should first consult with his Probation Officer.

Dated this 19th day of December, 2025.

Lauren King
United States District Judge