UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ASA SAINT CLAIR,<br><br>　　　　　　Defendant. | CASE NO. 2:25-cr-00135-LK<br><br>ORDER DENYING MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE |

This matter comes before the Court on Defendant Asa Saint Clair's motion to modify the conditions of his supervised release. Dkt. No. 21. For the reasons discussed below, the Court denies the motion.

## I.    BACKGROUND

The Court previously denied Mr. Saint Clair's motion for early termination of his three-year term of supervised release, which commenced on December 6, 2024. Dkt. No. 14. That order details Mr. Saint Clair's conviction, sentencing, and supervised release, and the Court accordingly declines to reproduce those details here. Mr. Saint Clair sought reconsideration of the Court's order, Dkt. No. 18, which the Court denied, Dkt. No. 20.

ORDER DENYING MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE - 1

Mr. Saint Clair now moves to modify the conditions of his supervised release. Dkt. No. 21. Specifically, he requests advance permission to travel outside of the district, including internationally, provided that he gives 14 days' advance notice of his itinerary to the U.S. Probation Office. *Id*. at 1. He also requests that the Court restore his eligibility to apply for and hold a U.S. passport. *Id.* at 5. The Government filed an opposition to the motion. Dkt. No. 22. Mr. Saint Clair's probation officer filed a memorandum recommending that the current conditions of supervision remain unchanged. Dkt. No. 24.

## II.  DISCUSSION

### A.  Legal Standard

A district court has broad discretion to modify conditions of supervised release. *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000). After considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the district court may modify the conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision[.]" 18 U.S.C. § 3583(e)(2). Thus, the requirements for Section 3583(e)(2) modification are that the district court consider the listed Section 3553(a) factors, follow the procedure outlined in Federal Rule of Criminal Procedure 32.1(c), and ensure that the modified conditions are consistent with the general requirements set forth in Section 3583(d). *See United States v. Bainbridge*, 746 F.3d 943, 950 (9th Cir. 2014); *United States v. Tolliver*, No. CR20-0109-JLR, 2023 WL 3738052, at *1 n.2 (W.D. Wash. May 31, 2023). Section 5D1.4(a) of the Sentencing Guidelines encourages courts to conduct "an individualized assessment of the appropriateness of existing conditions . . . in consultation with the probation officer" when considering whether to modify the conditions of supervised release.

**B.      Modification is Not Warranted**

A standard condition of Mr. Saint Clair's supervised release prevents him from traveling outside of this district without first obtaining leave from the Court or his probation officer. Dkt. No. 2-3 at 4. Mr. Saint Clair argues that this restriction on his ability to travel hinders his ability to obtain work because the roles in international development he is pursuing require the ability to travel with limited advance notice. *See generally* Dkt. No. 21. Because he cannot travel freely, Mr. Saint Clair asserts that he is "effectively barred from seeking or accepting work" that is aligned with his experience and that would allow him to meet his restitution obligations and support his family. *Id.* at 3.

As the Government notes, Mr. Saint Clair made a similar argument in his motion to terminate his supervised release, which the Court previously found unpersuasive. Dkt. No. 22 at 2. The Court remains unpersuaded. Regarding Mr. Saint Clair's desire to travel, the Court reiterates that it "sees no reason that case-by-case travel approval is 'impractical and unworkable.'" Dkt. No. 14 at 5 (quoting Dkt. No. 11 at 5). Furthermore, in the United States Probation Office's response to Mr. Saint Clair's motion, his probation officer recommends that the current conditions of supervision remain in place. Dkt. No. 24 at 1. She also notes that Mr. Saint Clair has not indicated that he has any specific job opportunities lined up abroad. *Id.* Although Mr. Saint Clair suggests that requesting approval is overly burdensome, *see* Dkt. No. 21 at 3, there is no evidence in the record to suggest that he has previously sought approval for any specific trip, let alone that seeking such approval will negatively impact his ability to travel.

Having considered the relevant factors in Section 3553, as required by Section 3853(e), the Court concludes that the interests of justice do not warrant the modification of the conditions of supervised release at this relatively early juncture (less than half of the way to completing Mr. Saint Clair's full term). In light of the nature and circumstances of Mr. Saint Clair's offense, his

history and characteristics, and the relevant policy considerations in Sentencing Guidelines Section 5D1.4(a), Mr. Saint Clair's proposed modification to his standard conditions of supervision is not warranted. *See* 18 U.S.C. § 3553(a)(1), (a)(5).

### III.  CONCLUSION

For the foregoing reasons, the motion to modify the conditions of supervised release is DENIED. As stated in the Judgment in this case, Mr. Saint Clair "must not knowingly leave the federal judicial district where [he is] authorized to reside without first getting permission from the court or the probation officer." Dkt. No. 2-3 at 4.

Dated this 29th day of January, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE - 4